W. McD. MEGGETT v. WESTERN UNION TELEGRAPH COMPANY.

TELEGRAM. *Failure to transmit. Damnum absque injuria.*

   The sender cannot recover of a telegraph company for the alleged loss of a bargain, caused by its failure to transmit a telegram ordering goods, if there be no evidence that the goods could and would have been shipped if the message had been promptly sent.

FROM the circuit court of Washington county.
HON. R. W. WILLIAMSON, Judge.

Meggett, a broker in Greenville, Miss., intending to buy a quantity of corn and oats for Wilczinski, his customer, and having quotations of prices from one Hunter, his corre-

spondent at Clinton, Mo., delivered, at the office of the Western Union Telegraph Company, in Greenville, a message to be transmitted to Hunter at Clinton, directing him to ship immediately to Wilczinski one hundred sacks each of corn and oats, at a certain price corresponding with the quotations. The message, having been by some means mislaid, was never forwarded. Wilczinski was compelled afterwards to purchase elsewhere, and at an increased price, whereupon this action was brought against the telegraph company by Meggett, for the use of Wilczinski, to recover the difference in the price as the damage caused by the defendant's negligence. No evidence was introduced to show any contract relation between Hunter and Meggett, or that Hunter, if he had received the telegram promptly, would have shipped the corn and oats, or would have procured the same to be shipped. The court granted a peremptory instruction for defendant. Judgment accordingly, and plaintiff appeals.

*C. P. Neilson*, for appellant.

*Jayne & Watson*, for appellee.

No relation between the sender and sendee is shown that would have bound the latter to ship the goods. 60 Me., 9; 98 Mass., 232; *Alexander* v. *Tel. Co.*, 66 Miss., 161. It does not appear that Hunter could or would have filled the order. It is wholly uncertain whether the order would have secured the shipment. *Alexander* v. *Tel. Co., supra; Pennington* v. *Tel. Co.*, 67 Iowa, 631.

*Mayes & Harris*, on the same side.

Argued orally by *H. C. Watson*, for appellee.

WOODS, J., delivered the opinion of the court.

The action of the trial court was altogether correct. The whole evidence in the case fails to show that any loss sus-

tained by the usee was attributable to the failure of the appellee to transmit the message. There is an absence of all proof even tending to show that Hunter had the ability or the will to supply Wilczinski with the produce named in the telegram upon the terms and conditions contained therein. No effort was made by appellant to show that Hunter could and would have shipped at the price and on the terms stated in the telegram. If, in fact, Hunter either could not or would not have made the sale and shipment, it is impossible to conceive of any loss resulting to the usee by reason of the failure of the telegraph company to transmit the message.

It seems unnecessary to cite authority or to indulge in any reasoning to support this view, which prevailed on the trial below.

As this disposes of the case, we find it inappropriate to pass upon any other controverted question raised by counsel.

*Affirmed.*